to answer, but did not reserve to him the right to make the motion resulting in the order appealed from, nor was any right given him by stipulation. There was, therefore, a waiver of all objections to the complaint and a bar to the motion. Brooks v. Hauchet, 30 Hun, 70; Post v. Blazewitz, 13 App. Div. 124, 43 N. Y. Supp. 59.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

### MULINOS v. WALKOF et al.

(Supreme Court, Appellate Term, First Department.  January 14, 1916.)

Appeal from City Court of New York, Special Term.

Action by Constantino Mulinos against Harry Walkof, impleaded with others. From an order directing the plaintiff to serve an amended complaint, separately stating and numbering the causes of action, or to elect on which cause of action he will proceed, he appeals. Order reversed, and motion to make the complaint more definite denied.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Herman Kahn, of New York City, for appellant.
Harry M. Peyser, of New York City, for respondents.

GAVEGAN, J. For the reasons stated in the case of Gerald Mulinos v. Walkof, 156 N. Y. Supp. 1032, decided herewith, the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

(93 Misc. Rep. 194)

### CENTRAL TRUST CO. v. PITTSBURGH, S. & N. R. CO. et al.

(Supreme Court, Special Term, Allegany County.  January, 1916.)

1. RECEIVERS ⬉128—PRIORITY OF CLAIMS—RECEIVER'S CERTIFICATES.
    Where a receiver for a railroad petitioned for leave to issue his certificates, but omitted reference in his petitions to a prior mortgage indebtedness assumed by the road on consolidating with another road, when it was understood by the holders of all claims and mortgages that their claims should be subordinate to such certificates when issued, and after their issuance the proceeds were used for the benefit of the entire railroad system, including the one acquired by the consolidation, the receiver was entitled to an order nunc pro tunc to amend his petitions, in order that the priority of the certificates over all other claims on the entire railroad system might be preserved, since such certificates cannot be too rigidly protected.
    [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 205, 210, 219–222; Dec. Dig. ⬉128.]

2. RECEIVERS ⬉128—PRIORITIES—RECEIVER'S CERTIFICATES.
    Receiver's certificates are generally to be paid out of the proceeds of foreclosure, and take precedence over all other debts.
    [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 205, 210, 219–222; Dec. Dig. ⬉128.]

3. RAILROADS ⬉186—FORECLOSURE OF MORTGAGE—PARTIES.
    In an action to foreclose a mortgage on a railroad, in which a receiver is appointed, a trustee in a mortgage on another railroad, which consoli-

---

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

dated with defendant railroad company, defendant assuming payment of the latter mortgage, should be made a party.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 615, 616; Dec. Dig. ☜186.]

Action by the Central Trust Company against the Pittsburgh, Shawmut & Northern Railroad Company and others to foreclose a mortgage. The receiver of the defendant company moves to amend petitions for leave to issue receiver's certificates. Motion granted.

Alton B. Parker, of Esopus, for the motion.
Arthur H. Van Brunt, of New York City, opposed.

BROWN, J. In this action to foreclose a mortgage executed by defendant railroad company to the plaintiff, as trustee, to secure certain bonds of the railroad company, a receiver was appointed to take possession of the railroad property and operate it under the order of the court. By petitions, verified March 30, 1909, June 18, 1910, and June 21, 1915, respectively, application was made to the court for authority to issue certain receiver's certificates. In such petitions no mention was made of certain bonded indebtedness of the Central New York & Western Railroad, secured by a mortgage theretofore executed by the Central New York & Western Railroad to the plaintiff as trustee; the Central New York & Western Railroad Company having theretofore been consolidated with, and its property acquired by, the defendant the Pittsburgh, Shawmut & Northern Railroad Company. By reason of the failure to mention such outstanding bonded indebtedness in such petitions, it is now claimed by the plaintiff, as trustee under the mortgage of the Central New York & Western Railroad Company, that such bonded indebtedness of the Central New York & Western Railroad Company is a lien upon the railroad property ahead of and superior to the certificates of the receiver issued in pursuance of orders granted upon such petitions.

It is contended by the receiver that his certificates were issued with the knowledge and consent of the holders of the bonded indebtedness of the Central New York & Western Railroad Company; that such certificates should be issued for the benefit of the Central New York & Western Railroad property; that a portion of the avails thereof should be used for the benefit of such property, and that in fact the pro rata proportion of such avails of such certificates have been used for the benefit of such railroad property; that it was intended that such certificates should be a first lien upon all the railroad property in the hands of the receiver, ahead of and superior to the mortgage and bonded indebtedness of the Pittsburgh, Shawmut & Northern Railroad Company, and also ahead of and superior to the mortgage and bonded indebtedness of any and all companies that have been consolidated with, and whose properties have been acquired by, the Pittsburgh, Shawmut & Northern Railroad Company; and that the omission to refer in the said petitions to the mortgage and bonded indebtedness of the Central New York & Western Railroad Company was an inadvertence on his part. This motion is made by the receiver to amend such petitions nunc pro tunc, by inserting therein appropriate

reference to such mortgage and bonded indebtedness. The motion is opposed upon the ground that the mortgage and bonded indebtedness of the Central New York & Western Railroad Company is, and of right ought to be, a prior and superior lien on the railroad property, ahead of the lien of the receiver's certificates.

[1-3] It is believed that these receiver's certificates were issued upon the credit of the entire property in the hands of the receiver, and with the consent or acquiescence of all parties interested in the entire railroad property. In general, such certificates are usually paid out of the proceeds of foreclosure, and upon distribution take precedence over all other debts. Their integrity cannot be too rigidly conserved. If it be true that the insertion of the reference to the bonded indebtedness of the Central New York & Western Railroad Company, in the petitions, will give these certificates the verity and standing that their issue purports—that is, what all parties connected with the railroad property understood them to be, a first and superior lien on all the property in the hands of the receiver—the motion ought to be granted. The plaintiff, as trustee of the Central New York & Western Railroad mortgage, should be made a party to this action.

Motion granted.